IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH MERZ, | CIVIL |
| Plaintiff, | ACTION No. |
| v. | 2:23-cv-2069 |
| THE VERLAND FOUNDATION, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Elizabeth Merz, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Americans with Disabilities Act (ADA), in that:

   a. Plaintiff filed a timely written charge of disability discrimination and retaliation with the Equal Opportunity Employment Commission on February 27, 2023, and cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated October 16, 2023; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

### II. The Parties

3. Plaintiff, Elizabeth Merz, ("Plaintiff") is an individual who resides at 367 Euclid

Avenue, Canonsburg, Washington County, PA 15317.

4. Defendant, The Verland Foundation, Inc., is a corporation with a place of business located at 212 Iris Road, Sewickley, Allegheny County, PA 15143.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

### III. Factual Background

6. Plaintiff was employed by Defendant from January 4, 2016 until January 17, 2023 and last held the position of Residential Services Coordinator.

7. Defendant has 30+ group homes over four counties.

8. Plaintiff's job duties include driving to Defendant's different locations.

9. In August of 2022, Plaintiff tested positive for Covid and a week later she had a seizure.

10. Plaintiff was taken to the hospital and had to undergo multiple tests. During the extensive testing, a lesion was discovered on her brain.

11. Due to Plaintiff having a seizure, PennDOT initially revoked her driver's license.

12. In October, 2022 PennDOT reinstated Plaintiff's license and she returned to work.

13. However, this was an error and Plaintiff's license was again revoked until she was seizure free for six months. The last day Plaintiff worked was November 6, 2022.

14. While Plaintiff was on leave, she told Defendant she would be having a procedure to biopsy the lesion found on her brain.

15. On January 20, 2023, Plaintiff received a termination letter in the mail terminating

her employment effective January 17, 2023 and stating she had exhausted her leave and did not have a definite return to work date.

16. However, Defendant was aware that Plaintiff's driver's license was to be reinstated on February 22, 2023 and she would be able to return to work, only a month later.

17. Plaintiff had the brain biopsy procedure on January 24, 2023 and the tumor was found to be benign.

### Count I
### Americans with Disabilities Act: Discrimination

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as if fully restated herein.

19. As described above, Plaintiff is an individual with a disability, and Defendant perceived her as having a disability.

20. Plaintiff was qualified for the Residential Services Coordinator and could perform all essential functions of the position. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

21. Defendant failed to engage in the interactive process and made no attempt to accommodate Plaintiff.

22. Defendant then removed Plaintiff from the Residential Services Coordinator Practice Manager position because of her actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

23. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

24. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

   a. Lost wages and benefits;

   b. Emotional distress, anxiety, humiliation and inconvenience;

   c. Costs and expenses of litigation; and

   d. Attorney/s fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

   a. Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

   b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

   c. Either reinstatement or front pay.

   d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

   e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

   f. A reasonable attorneys fee and costs and expenses of litigation; and

   g. Such other legal and equitable relief as the Court deems just and proper.

### Count II
### American with Disabilities Act: Retaliation

25. Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully restated herein.

26. Defendant removed Plaintiff from the Residential Services Coordinator position in retaliation for requesting a reasonable accommodation under the ADA, in violation of 42 U.S.C.

§12203(b) in the form of leave.

27. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

28. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendants for Defendant's violation of the Americans with Disabilities Act as follows:

    a. Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

    b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

    c. Either reinstatement or front pay;

    d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

    e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f. A reasonable attorneys fee and costs and expenses of litigation; and

    g. Such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ John E. Black, III
John E. Black, III
Pa. I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff